```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
THE NIELSEN COMPANY (US) LLC,                               :
                                                            :
                                    Plaintiff,              :
                                                            :        23-CV-1581 (VSB)
                  -against-                                 :
                                                            :        OPINION & ORDER
TVSQUARED LTD,                                              :
                                                            :
                                    Defendant.              :
                                                            :
------------------------------------------------------------X
```

Clifford Katz
Constantine Koutsoubas
David G. Lindenbaum
Malavika Rao
Kelley Drye & Warren LLP
New York, New York

Michael J. Weil
Steven Yovits
Douglas I. Lewis
Kelley Drye & Warren LLP
Chicago, IL

Scott W. Doyle
Kelley Drye & Warren LLP
Washington, DC

Joshua B. Long
Kelley Drye & Warren LLP
Houston, TX

Craig D Cherry
Campbell, Cherry, Harrison, Davis, & Dove
Waco, TX

Gregory Phillip Love
Mark D. Siegmund
Streckler, Wayne, Cherry, & Love PLLC
Henderson, TX

*Counsels for Plaintiff*

Chaarushena Deb
Patricia Young
Richard G Frenkel
Menlo Park, CA
Latham & Watkins LLP

Diane Elizabeth Ghrist
Gabriel K. Bell
Latham & Watkins LLP
Washington, DC

Raj Patel
Latham & Watkins LLP
Chicago, IL

Paige Arnette Amstutz
Scott, Douglass & McConnico, LLP
Austin, TX

*Counsels for Defendant*

VERNON S. BRODERICK, United States District Judge:

Before me is a motion to stay discovery filed by Defendant TVSquared LTD ("TVSquared" or "Defendant"). (Doc. 107.) Because Defendant has not made a strong showing that the claim filed by Plaintiff The Nielsen Company (US) LLC ("Nielsen" or "Plaintiff") is unmeritorious, that discovery will impose a substantial burden on them that will be mitigated if I stay discovery, or that Nielsen is unlikely to be prejudiced by the stay, the motion to stay is DENIED.

I.   **Background**

Plaintiff filed its complaint against Defendant on March 4, 2022 in the Western District of Texas. (Doc. 1.) On February 24, 2023, the case was transferred to the Southern District of New York. (Doc. 83.) On March 23, 2023, Defendant moved to dismiss the complaint against them. (Doc. 107.) On March 28, 2023, while briefing on the motion to dismiss was pending, Defendant filed the present motion to stay discovery until I resolve its motion to dismiss. (Doc.

2

113.)  On April 4, 2023, Plaintiff opposed the motion to stay.  (Doc. 116.)  On April 5, 2023, Defendant filed a reply in support of its motion to stay.  (Doc. 117.)

**II.     Legal Standards**

"'[U]pon a showing of good cause a district court has considerable discretion to stay discovery' pursuant to Fed. R. Civ. P. 26(c)." *O'Sullivan v. Deutsche Bank AG*, No. 17CIV8709LTSGWG, 2018 WL 1989585, at *3 (S.D.N.Y. Apr. 26, 2018) (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009)). "The party seeking a stay of discovery bears the burden of showing good cause." *Hertz Glob. Holdings, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh*, No. 19-CV-6957 (AJN), 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020) (internal quotation marks omitted).

"A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act." *O'Sullivan*, 2018 WL 1989585, at *3. Accordingly, "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed," *id.*, because an "overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases," *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

"If a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including:  (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (internal quotation marks omitted).

### III. Discussion

#### A. *Defendant Has Not Made a Strong Showing that Nielsen's Claim is Unmeritorious*

"[A] motion for a stay is not a vehicle for jumping the queue to receive a preliminary ruling on a motion to dismiss ahead of motions on the Court's docket that have been longer pending." *Cambridge Cap. LLC v. Ruby Has LLC*, No. 20-CV-11118 (LJL), 2021 WL 2413320, at *2 (S.D.N.Y. June 10, 2021). Therefore, this factor is not, and should not, be a way to obtain an initial ruling on the viability of Plaintiff's case. When determining if a defendant has shown that a plaintiff's claims are unmeritorious, courts have looked to whether the complaint is facially without merit or whether the plaintiff has been unable to cite relevant authority in response to a defendant's challenge. *See, e.g., HAHA Glob., Inc. v. Barclays*, No. 119CV04749VECSDA, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (granting a stay where "Defendants have raised viable grounds for dismissing the Amended Complaint, including that it fails to meet even the minimal pleading standards of Federal Rule of Civil Procedure 8, alleges various criminal violations that Plaintiff lacks standing to pursue and otherwise fails to state a claim upon which relief can be granted."); *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 678 (S.D.N.Y. 2018) (denying a stay when "the Court cannot say that [certain claims] on their face are utterly devoid of merit."). Conversely, a court is less likely to find that a plaintiff's case is unmeritorious when both the defendant and plaintiff can make "strong arguments" in support of their positions. *See, e.g.*, *Guiffre v. Maxwell*, No. 15 CIV. 7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) ("With strong arguments on both sides, Defendant's argument does not rise to a level of the requisite 'strong showing' that Plaintiff's claim is unmeritorious.").

Here, Plaintiff raises a patent infringement claim based on a patent that Defendant argues

4

is patent ineligible under 35 U.S.C. § 101.  (Doc. 1.)  Both Nielsen's claim and TVSquared's defenses sound in law and reason.  Defendant does not raise arguments such as a lack of jurisdiction or that Plaintiff is unable to cite any relevant legal authority.  *See, e.g. Cambridge Cap. LLC*, 2021 WL 2413320, at *1 (noting that "[t]he standard for a 'strong showing' was met [in another case] . . . where the defendant's motion was directed to the federal court's jurisdiction, where the presence of jurisdiction could be determined readily from the face of the complaint, and where plaintiff was unable to cite any relevant authority in support of the existence of jurisdiction.").  Accordingly, TVSquared has not made a strong showing that Plaintiff's claim is without merit.

### B.  *A Stay Will Not Meaningfully Reduce Any Discovery Burdens*

Courts often consider whether discovery would "reach such a wide-breadth that good cause for a stay exists."  *Maxwell*, 2016 WL 254932, at *2; *see also Cota v. Art Brand Studios, LLC*, No. 21-CV-1519 (LJL), 2022 WL 767110, at *1 (S.D.N.Y. Mar. 14, 2022) (a stay was merited where plaintiffs "served extremely broad requests for documents in a related arbitration . . . and they do not dispute that they will seek similarly broad discovery in this case.").  In *Spinelli v. Nat'l Football League*, for example, a stay pending the resolution of a motion to dismiss was granted because there were 40 defendants, and the case involved a broad array of complex anti-trust, contract, and copyright disputes, meaning that "discovery [was] likely to be broad and significant."  *Spinelli v. Nat'l Football League*, No. 13 CIV. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015).  Similarly, in *Hertz Glob. Holdings, Inc.*, a stay was appropriate where a plaintiff's discovery "request was expansive enough in its wording to impose significant discovery obligations on Defendants."  *Hertz Glob. Holdings, Inc.*, 2020 WL 6642188, at *1.  Conversely, in *Maxwell*, a stay was inappropriate because that "case involve[d] a single claim against a single defendant, related to an ongoing series of events in which Defendant was alleged

5

to be personally and intimately involved." *Maxwell*, 2016 WL 254932, at *2.

Similarly, courts have declined to issue a stay where defendants fail to show why discovery would be burdensome. *Kirschner v. J.P. Morgan Chase Bank*, N.A., No. 17CIV6334PGGSLC, 2020 WL 230183, at *3 (S.D.N.Y. Jan. 15, 2020) (denying a stay where defendant failed to explain why discovery would be "unduly burdensome"); *Mirra v. Jordan*, No. 15CV4100ATKNF, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) ("[t]he defendant's vague and conclusory contentions are not sufficient to establish that the plaintiff's discovery requests are voluminous and burdensome."); *Bensmaine v. City of New York*, No. 21-CV-04816 (LJL), 2022 WL 3362188, at *2 (S.D.N.Y. Aug. 15, 2022) (denying a stay where defendants did "not explain . . . what is unduly burdensome" about the proposed discovery). Here, Defendant does not adequately explain why discovery will be burdensome or wide-reaching. Instead, Defendant relies on broad, conclusory complaints that the discovery will involve "a bevy of technical and financial topics" and "a vast number of documents," (Doc. 113 at 2–3), and has not stated how long it expects discovery to take, the costs associated with discovery, or any other indicator that might demonstrate why discovery will be overly burdensome.

### C. *Nielsen Would Likely Be Prejudiced by A Stay*

Finally, the risk of prejudice to Nielsen weighs against granting a stay. Both Nielsen and TVSquared are in the field of media industry data analytics. (*See* Doc. 1.) As direct marketplace competitors, there is an increased likelihood that a stay would result in undue prejudice. *Novartis Pharma AG v. Regeneron Pharms., Inc.*, 582 F. Supp. 3d 26, 47 (N.D.N.Y. 2022); *Conair Corp. v. Tre Milano, LLC*, No. 3:14-CV-1554 AWT, 2015 WL 4041724, at *4 (D. Conn. July 1, 2015); *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13-CV-05669 NSR, 2014 WL 2854656, at *4 (S.D.N.Y. June 20, 2014). I am not persuaded that there is not a risk of prejudice simply because Nielsen has not "filed for any preliminary injunctive relief in an effort

6

to establish the existence of 'irreparable harm.'" (Doc. 117 at 2.)  "The fact that Plaintiff did not seek a preliminary injunction does not mean that it would not suffer prejudicial harm from its competitor's market activity during a lengthy delay in the case." *CDX Diagnostics, Inc,* 2014 WL 2854656, at *4 (cleaned up).

### IV.    Conclusion

Defendant has not made a strong showing that Nielsen's claim is unmeritorious, that responding to discovery will be particularly burdensome, or that Nielsen is unlikely to be prejudiced by a stay.  Accordingly, Defendant's motion to stay discovery is DENIED.  Additionally, Defendant's request to schedule oral argument on their motion for judgment on the pleadings, (Doc. 110), is DENIED at this time.  If, after reviewing the parties' submissions, I determine that oral argument is necessary, I will so notify the parties.  The Clerk of Court is respectfully directed to terminate the motions at Docs. 110 and 113.

SO ORDERED.

Dated:    July 6, 2023
          New York, New York

_____
VERNON S. BRODERICK
United States District Judge