**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

THE NIELSEN COMPANY (US), LLC,

                                        **Plaintiff,**

                -against-

TVSQUARED LTD.,

                                        **Defendant.**
-------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/29/2023
```

**23-CV-01581 (VSB)(SN)**

**<ins>ORDER</ins>**

**SARAH NETBURN, United States Magistrate Judge:**

The Honorable Vernon S. Broderick referred to my docket resolution of a pending discovery dispute on two issues. ECF Nos. 140, 141. First, Defendant requests that the Court compel Plaintiff to provide a computation of each category of damages claimed. Plaintiff argues that it cannot compute damages until Defendant produces finance-related discovery. Second, Defendant requests that the Court compel Plaintiff to make its source code available for inspection immediately. Plaintiff responds that the parties just finished negotiations concerning the source code, and it has agreed to make its source code available for inspection between December 15, 2023, and January 1, 2024, making Defendant's request unreasonable.

Under Federal Rule of Civil Procedure 26(a)(1)(A)(iii), a plaintiff must provide "a computation of each category of damages claimed." In its complaint, Plaintiff claims that it suffered damages that "in no event are less than a reasonably royalty, and which include, but are not limited to, lost sales and sales opportunities." ECF No. 1, ¶ 41. According to Defendant, in Plaintiff's initial disclosures, it also stated that it sought lost profits and price erosion damages.

These statements leave unclear which categories of damages Plaintiff claims and on what "documents or other evidentiary material . . . each computation is based." Fed. R. Civ. P.

26(a)(1)(A)(iii). Without that clarity, both the Court and Defendant cannot know what information Plaintiff needs from Defendant to accurately compute damages or why. Accordingly, by December 6, 2023, Plaintiff is ORDERED to state with specificity to Defendant which categories of damages it seeks, and what information it plans to rely on to compute those damages.[1] The parties shall file a joint letter by December 13, 2023, updating the Court on whether this issue continues to require Court intervention. To the extent that Plaintiff intends to rely on its own documents to compute damages, Plaintiff must produce those documents no later than January 2, 2024.

On the issue of source code production, Defendant's request is DENIED. Given that the parties executed their source code access agreement only on October 30, 2023, and fact discovery does not close until February 23, 2024, Plaintiff's current schedule for source code production is reasonable and does not prejudice Defendant.

Finally, the parties are encouraged to schedule a settlement conference. The Court is currently scheduling settlement conferences in February 2024. The Court will likely be unable to accommodate last-minute requests, and the parties should not anticipate that litigation deadlines will be adjourned in response to late requests. As soon as practicable, the parties are directed to contact Courtroom Deputy Diljah Shaw at diljah_shaw@nysd.uscourts.gov with both parties on the email to schedule a settlement conference for a time when they believe it would be productive.

## CONCLUSION

By December 6, 2023, Plaintiff shall supplement its initial disclosures by stating with specificity which categories of damages it is seeking and what documents or other evidentiary

---

[1] For the avoidance of doubt, if Plaintiff intends to "reply" on expert testimony, it must disclose what documents or other evidentiary material its expert intends to rely on.

material it intends to rely on. The parties shall file a status letter on this issue by December 13, 2023. By January 2, 2024, Plaintiff shall produce any of its own documents it intends to use to compute damages. Defendant's motion to compel immediate disclosure of Plaintiff's source code is denied. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 140.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:    November 29, 2023
             New York, New York